FRANK N. DARRAS #128904, Frank@DarrasLaw.com
LISSA A. MARTINEZ #206994, LMartinez@DarrasLaw.com
SUSAN B. GRABARSKY #203004, SGrabarsky@DarrasLaw.com
PHILLIP S. BATHER #273236, PBather@DarrasLaw.com
SHAWN S. DHILLON #291527, SDhillon@DarrasLaw.com

**DarrasLaw**

3257 East Guasti Road, Suite 300
Ontario, California 91761-1227
Telephone:  (909) 390-3770
Facsimile:   (909) 974-2121

Attorneys for Plaintiff
KAREN KENDALL

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| KAREN KENDALL,<br><br>Plaintiff,<br><br>vs.<br><br>LIFE INSURANCE COMPANY OF NORTH AMERICA,<br><br>Defendant. | Case No:<br><br>COMPLAINT FOR BENEFITS UNDER A GROUP DISABILITY EMPLOYEE BENEFIT PLAN |
|---|---|

Plaintiff alleges as follows:

1. This Court's jurisdiction is invoked pursuant to 28 U.S.C. §§ 1331, 1337 and 29 U.S.C. § 1132(a), (e), (f), and (g), of the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1101, *et seq.* (hereafter "ERISA") as it involves a claim by Plaintiff for Disability benefits under an employee benefit plan regulated and governed under ERISA. Jurisdiction is predicated under these code sections as well as 28 U.S.C. § 1331 as this action involves a federal question.

2. The ERISA statute at 29 U.S.C. § 1133, in accordance with Regulations of the Secretary of Labor, provides a mechanism for internal appeal of benefit denials.

Those avenues of appeal have been exhausted.

3. Plaintiff is informed and believes and thereon alleges that the GROUP LONG TERM DISABILITY PLAN FOR EMPLOYEES OF MOREHOUSE GENERAL HOSPITAL ("Plan") is an employee welfare benefit plan established and maintained by Morehouse General Hospital to provide its employees and those of its subsidiaries and affiliates, including Plaintiff, KAREN KENDALL, with income protection in the event of a disability and is the Plan Administrator.

4. Plaintiff alleges upon information and belief that Defendant, LIFE INSURANCE COMPANY OF NORTH AMERICA ("LINA"), is, and at all relevant times was, a corporation duly organized and existing under and by virtue of the laws of the State of Pennsylvania, authorized to transact and transacting the business of insurance in this state, and, the insurer and Claims Administrator for the Plan.

5. Plaintiff further alleges that venue is proper in this district pursuant to 29 U.S.C. § 1132(e)(2)[1] in that defendant LINA, who fully insured the policy and who is ultimately liable if Plaintiff is found disabled, may be found in this district. Since on or about November 1, 1956, LINA has been registered as a corporation with the state of California, has extensive contacts within the state, employs California residents, conducts ongoing business within the state and therefore, may be found within the state.

6. At all relevant times Plaintiff was a resident and citizen of the United States, an employee of Morehouse General Hospital, its successors, affiliates and/or subsidiaries, and a participant in the Plan.

7. Based upon information and belief, Plaintiff alleges that at all relevant times herein Plaintiff was covered under group disability policy number DVT-960180 that had

---

[1] 29 USC section 1132(e)(2) provides: "Where an action under this subchapter is brought in a district court of the United States, it may be brought in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found, and process may be served in any other district where a defendant resides or may be found."

1   been issued by Defendant LINA[2] to Morehouse General Hospital to insure its Plan, and
2   the eligible participants and beneficiaries of the Plan, including Plaintiff. A copy of the
3   subject policy is attached hereto as Exhibit "A".

4      8.  The Plan provides a monthly benefit equivalent to sixty percent (60%) of Ms.
5   Kendall's Covered Earnings less Other Income Benefits following a 90 day Elimination
6   Period.

7      9.  The Plan defines "Disability" as:

8   - "The Employee is considered Disabled if, solely, because of Injury
9      or Sickness, he or she is:
10         ○ 1. Unable to perform the material duties of his or her Regular
11            Occupation; and
12         ○ 2. Unable to earn 80% or more of his or her Indexed
13            Earnings from working in his or her Regular Occupation.
14   - After Disability Benefits have been payable for 24 months, the
15      Employee is considered Disabled if, solely due to Injury or
16      Sickness, he or she is:
17         ○ 1. Unable to perform the material duties of any occupation
18            for which he or she is, or may reasonably become, qualified
19            based on education, training or experience; and
20         ○ 2. Unable to earn 80% of more of his or her Indexed
21            Earnings."

22      10.  The Plan provides monthly benefits to the later of the date the 42nd Monthly
23   Benefit is payable or Ms. Kendall's Social Security Normal Retirement Age as defined

---

[2] Although correspondence to Plaintiff during the administration of this claim has "CIGNA" on the letterhead, LINA was the underwriting and issuing company. Additionally, according to correspondence to Plaintiff on the claim: "CIGNA Group Insurance is a registered service mark of CIGNA Intellectual Property, Inc. licensed for use by insurance company subsidiaries of CIGNA Corporation, including Life Insurance Company of North America…Products and services are provided by these insurance company subsidiaries and not by CIGNA Corporation." Therefore, both CIGNA and Life Insurance Company of North America will be referred to as "LINA" herein.

by the Social Security Normal Retirement Act.

11. Prior to her disability, Plaintiff was working as a Medical / Surgery Registered Nurse ("RN") for Morehouse General Hospital.

12. As a result of severe lower back pain, Plaintiff became disabled as defined by the Plan, on or about November 3, 2013.

13. Plaintiff timely submitted a claim to LINA for payment of disability benefits.

14. On or about November 20, 2013, an MRI of Ms. Kendall's lumbar spine revealed mild arthritic changes at L3-L4, L4-L5, and midline disc herniation at L5-S1.

15. On or about December 3, 2013, Ms. Kendall was seen by Dr. Carter Cox Jr., MD. Ms. Kendall complained of lower back pain and right leg pain. Upon physical examination, Ms. Kendall was tender on her left sacroiliac joint. Dr. Cox referred her to physical therapy.

16. Ms. Kendall attended physical therapy from about December 1, 2013 through about February 11, 2014.

17. On or about January 22, 2014, Ms. Kendall attended physical therapy and it was noted that her range of motion for trunk flexion was eighty percent limited.

18. On or about February 18, 2014, Ms. Kendall saw Dr. Cox and continued to complain of low back and bilateral leg pain. At this visit, Dr. Cox referred Ms. Kendall to a neurosurgeon, Dr. Cain.

19. On or about March 19, 2014, Dr. Cox wrote a letter concerning Ms. Kendall's disability. In this letter Dr. Cox noted the following:

- *"This patient is not able to work at this time because she continues to have pain and discomfort in her back and into her leg. As she has completed her physical therapy and really had no benefit on relief of her symptoms she has an appointment to see a neurosurgeon in Monroe later this month for further evaluation. At this time the patient is not able to perform her duties as a nurse."*

20. On or about April 1, 2014, the Human Resource Director for Morehouse

General Hospital wrote a letter to LINA regarding Ms. Kendall. In this letter, the Human Resource Director noted the following:

- *"Ms. Kendall is unable to perform the essential functions of her job as an RN; and cannot be allowed to return to work until her back condition improves."*

21. On or about April 9, 2014, Dr. Cox wrote a letter regarding Ms. Kendall's disability. In this letter Dr. Cox noted the following:

- *"The patient continues to be disabled and not able to perform her duties on the basis of degenerative disc disease of the lumbar spine with sciatica and nerve root compression."*

22. On or about March 25, 2014, LINA informed Ms. Kendall that it is unable to approve her claim for LTD benefits.

23. On or about April 11, 2014, LINA informed Ms. Kendall that they are unable to continue paying her Short Term Disability ("STD") benefits beyond January 22, 2014.

24. On or about April 21, 2014, Ms. Kendall timely appealed the denial of her LTD benefits.

25. On or about July 3, 2014, LINA denied Ms. Kendall's appeal and upheld its denial of his LTD claim. In this appeal denial letter LINA also informed Ms. Kendall that:

- *"You have the right to bring a legal action for benefits under the Employee Retirement Income Security Act of 1974 (ERISA) section 502(a)..."*

26. In so doing, LINA unreasonably, unlawfully, arbitrarily and capriciously: failed to have Plaintiff independently examined[3]; failed to have Plaintiff undergo a functional capacity evaluation; failed to timely identify the medical personnel who reviewed Plaintiff's file; used the outdated Dictionary of Occupational Title ("DOT") to determine "The occupation..." Plaintiff "...routinely perform[s] at the time the Disability

1  begins" when it knew, or should have known that the occupation description provided by
2  the DOT, and relied upon by LINA had not been updated since 1972; and relied upon
3  the opinions of physicians who did not examine Plaintiff, and were financially biased and
4  not qualified to refute the findings of Plaintiff's physicians.

5      27. Based upon the substantial medical evidence in the possession of LINA at
6  the time of the denial, the decision to deny disability insurance benefits was wrongful
7  and contrary to the terms of the Plan.

8      28. As a direct and proximate result of LINA's failure to provide Plaintiff with
9  disability benefits, Plaintiff has been deprived of said disability benefits beginning on or
10 about February 1, 2014 to the present date.

11     29. As a further direct and proximate result of the denial of benefits, Plaintiff has
12 incurred attorney fees to pursue this action, and is entitled to have such fees paid by
13 defendants pursuant to 29 U.S.C. § 1132(g)(1), ERISA § 502(g)(1).

14     30. A controversy now exists between the parties as to whether Plaintiff is
15 disabled as defined in the Plan. Plaintiff seeks the declaration of this Court that she
16 meets the Plan definition of disability and consequently she is entitled to all benefits
17 from the Plan to which she might be entitled while receiving disability benefits including,
18 but not limited to, any medical, vision and dental benefits, life insurance and pension,
19 with reimbursement of all expenses and premiums paid for such benefits from the
20 termination of benefits to the present. In the alternative, Plaintiff seeks a remand for a
21 determination of Plaintiff's claim consistent with the terms of the Plan.

22     WHEREFORE, Plaintiff prays for relief against Defendants as follows:

23     1. An award of benefits in the amount not paid Plaintiff beginning on or about
24 February 1, 2014, together with interest at the legal rate on each monthly payment from
25 the date it became due until the date it is paid; plus all other benefits from the Plan to
26 which he might be entitled while receiving disability benefits including, but not limited to,
27 any medical, vision and dental benefits, life insurance and pension, with reimbursement
28 of all expenses and premiums paid for such benefits or, in the alternative, a remand for

1   a determination of Plaintiff's claim consistent with the terms of the Plan;

2     2.   An order determining Plaintiff is entitled to future disability
3   payments/benefits so long as she remains disabled as defined in the Plan;

4     3.   For reasonable attorney fees incurred in this action; and,

5     4.   For such other and further relief as the Court deems just and proper.

Dated: October 1, 2014

**D** DarrasLaw

*/s/ Frank N. Darras*

FRANK N. DARRAS
LISSA A. MARTINEZ
SUSAN B. GRABARSKY
PHILLIP S. BATHER
SHAWN S. DHILLON
Attorneys for Plaintiff
KAREN KENDALL